IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE LONG and | ) | |
| BARRY BARR, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CA NO.: 2:07 CV 881-WKW |
| | ) | |
| vs. | ) | |
| | ) | |
| ARONOV REALTY MANAGEMENT, | ) | |
| INC. AMY CLARK KNUDSEN, AND | ) | |
| MEIYING FORNEY, | ) | |

**Defendants.**

## ANSWER OF DEFENDANT ARONOV REALTY MANAGEMENT, INC.

Comes now the Defendant, Aronov Realty Management, Inc., and for answer to the Complaint says as follows:

1. This Defendant denies that it had anything at all to do with the matters alleged in the complaint.

2. This Defendant at the times material to the complaint had no employment, contractual, or agency relationship with any other defendant or with the attorney referred to in the complaint.

## AFFIRMATIVE DEFENSES

1. The complaint alleges no cause of action against this Defendant upon which relief can be granted.

2. The Plaintiffs have no standing to assert the claims asserted in the Complaint against this Defendant.

3. This Defendant owed no duty to Plaintiffs.

4. This Defendant does not fall within the category of people against whom relief may be obtained in connection with the allegations made by Plaintiffs.

5. This Defendant pleads the Statute of Frauds.

6. Each claim is barred, in whole or in part, because of Plaintiffs' failure to mitigate damages.

7. Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to this Defendant under the Alabama Constitution and the United States Constitution. Any award of punitive damages to the Plaintiffs in this case would be arbitrary, unreasonable, excessive and a violation of Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and the Alabama Constitution.

8. Any award of punitive damages in this case would be violative of Defendant's procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards. The standard for punitive damages in Alabama and based on federal claims lacks sufficiently objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

9. Post-trial procedures and standards in a trial court for scrutinizing punitive damages awards and standards for appellate review of punitive damages awards in Alabama and with respect to federal claims are insufficient, and therefore violate Defendant's right to due process of law. Moreover, it would be violative of Defendant's rights guaranteed by the United States

Constitution and the Alabama Constitution to impose punitive damages against Defendant, which are penal in nature, by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages should be proved by a "clear and convincing" standard of proof, in view of insufficient substantive and procedural protections under Alabama law regarding punitive damages.

    10.  The Plaintiffs' Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America. Inc. v. Gore,</u> 116 S. Ct. 1589 (May 20, 1996).

    11.  Defendant pleads insufficiency of process and/or insufficiency of service of process.

    12.  This Defendant pleads the general issue.

    13.  The face of the complaint shows that Plaintiffs are not due to recover against Defendant because the damages suffered by Plaintiffs, if any, were not proximately caused by this Defendant.

    14.  The claims asserted by the Plaintiffs are barred by waiver, *res judicata*, collateral estoppel, estoppel, fraud, license, payment, assumption of risk and/or contributory negligence.

    15.  The claims of the Plaintiffs are barred by accord and satisfaction.

    16.  The claims of the Plaintiffs are barred by release.

    17.  Plaintiffs' claims are barred by the equitable doctrine of estoppel.

    18.  Plaintiffs have released and/or waived any and all claims.

    19.  The alleged injury to the Plaintiffs, if any, was caused by a cause other than the

conduct of this Defendant.

20. Any injuries and damages alleged by the Plaintiffs were caused, if at all, by some person or third party other than this Defendant.

21. The Plaintiffs' injuries and damages, if any, alleged in the Complaint are the result of an independent, unforeseeable, superseding and/or intervening cause.

22. The Plaintiffs' alleged injuries and/or damages, if any, were not the result of any act or omission on the part of this Defendant but exist, if at all, by reason of facts and events over which this Defendant had and has no control and/or by Plaintiffs' own conduct.

24. Plaintiffs' claims against Defendant fail because Defendant has not breached any duty owed to Plaintiffs.

25. Plaintiffs' claims against Defendant fail because Plaintiffs have not suffered any damages.

26. Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

27. Should Defendant be held liable to the Plaintiffs, which liability is specifically denied, Defendant would be entitled to a set off for the total of all amounts paid to the Plaintiff from all collateral sources.

28. All material allegations contained in the Complaint not heretofore specifically admitted, denied, or explained are here and now denied.

29. This Defendant denies that it discriminated against Plaintiffs on the basis of race or that it has an racially discriminatory policy or practice.

30. Defendant denies that Plaintiffs are entitled to any of the relief they seek.

31. Defendant reserves the right to interpose further defenses to which it may be entitled

as revealed by further proceedings or otherwise

      WHEREFORE, premises considered, this Defendant prays that Plaintiffs take nothing from their complaint, but rather that judgment be rendered in its favor in all respects and that it have its costs of court and attorney fees.  This Defendant prays for such other, further and different relief as to which it may be entitled in the premises.

      Respectfully submitted this 23rd day of October, 2007.


                            s/Robert D. Segall
                            Robert D. Segall (SEG003)
                            *Attorney for Defendant Aronov*
                            *Realty Managment, Inc.*


**OF COUNSEL:**
COPELAND, FRANCO, SCREWS & GILL PA
444 South Perry Street
P.O. Box 347
Montgomery, AL 36101-0347
Phone: 334-834-1180
Facsimile: 334-834-3172
Email: segall@copelandfranco.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 23, 2007, I electronically filed the foregoing with t he Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Quinn, Esq.
Kevin W. Jent, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Email:  mquinn@wcqp.com
Email: kjent@wcqp.com

N. Gunter Guy, Jr., Esq.
Ball, Ball, Mathews & Novak P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
Email: gguy@ball-ball.com


                                                    s/Robert D. Segall
_____Robert D. Segall