IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE LONG and | ) | |
| BARRY BARR, | ) | |
| | ) | |
| Plaintiffs, | ) | CA NO.: 2:07 CV 881-WKW |
| | ) | |
| vs. | ) | |
| | ) | |
| ARONOV REALTY MANAGEMENT, | ) | |
| INC. AMY CLARK KNUDSEN, AND | ) | |
| MEIYING FORNEY, | ) | |

**Defendants.**

## ANSWER OF DEFENDANT KNUDSEN

Comes now the Defendant, Amy Clark Knudsen, and for answer to the Complaint says as follows:

1. With respect to the allegations of paragraph 1, although there are no factual allegations to admit or deny, it does not appear that any claim is stated in the complaint under Alabama law.

2. With respect to the allegations of paragraph 2, this Defendant admits that the Court has jurisdiction over the federal claims. There does not appear to be any claim stated under Alabama law.

3. This Defendant has insufficient information to admit or deny the allegations of paragraph 3, and demands strict proof.

4. With respect to the allegations of paragraph 4, this Defendant admits that plaintiff Barr is a Caucasian over the age of nineteen years. She has insufficient information to admit or deny the remaining allegations of this paragraph and demands strict proof.

5. The allegations of paragraph 5 are admitted.

6. With respect to the allegations of paragraph 6, this Defendant admits that she is a real estate agent based in Montgomery, Alabama and that she leases property owned by Defendant Forney. She denies the remaining allegations of this paragraph.

7. With respect to the allegations of paragraph 7, this Defendant admits that Defendant Forney owns the Lecroy Shopping Village ("Lecroy") and that she resides in California.

8. This Defendant has insufficient information to admit or deny the allegations of paragraph 8, and demands strict proof.

9. With respect to the allegations of paragraph 9, this Defendant admits that plaintiff Barr is a Caucasian male and that he is the former owner of Celebrations. This Defendant has insufficient information to admit or deny the remaining allegations of this paragraph.

10. This Defendant has insufficient information to admit or deny the allegations of paragraph 10, and demands strict proof.

11. This Defendant has insufficient information to admit or deny the allegations of paragraph 11, and demands strict proof.

12. With respect to the allegations of paragraph 12, this Defendant admits that she met with plaintiff Barr at Lecroy, that she was a leasing agent for the Pure Country location at Lecroy, that she showed Barr the Pure Country space, and that Forney owns Lecroy. The remaining allegations of this paragraph are denied.

13. With respect to the allegations of paragraph 13, this Defendant admits that she was concerned about what tenant located at Lecroy. She also admits that Barr told her he was looking at other properties to lease. At some point she was told that his plan was for a sports bar. To the

extent that the allegations of this paragraph differ from what this Defendant has admitted, she denies said allegations.

14. With respect to the allegations of paragraph 14, this Defendant admits that there was a discussion of the good tenants at Lecroy and of the fact that she did not want problems of the kind that existed at Celebrations. To the extent that the allegations of this paragraph differ from what this Defendant has admitted, she denies said allegations.

15. With respect to the allegations of paragraph 15, this Defendant admits that she told Barr that a nightclub with the problems created by Celebrations in the shopping center parking lot was not wanted at Lecroy. The remaining allegations of this paragraph are denied.

16. With respect to the allegations of paragraph 16, this Defendant admits that Barr told her he was the former owner of Celebrations and that she was uncomfortable with the idea of having as a tenant at Lecroy someone who's prior operation had resulted in such significant problems not only for himself, but also for other tenants in the shopping center where Celebrations was located. To the extent that the allegations of this paragraph differ from what this Defendant has admitted, she denies said allegations.

17. With respect to the allegations of paragraph 17, this Defendant admits that when Barr told her he would expect the landlord to put $300,000 into property improvements, she told him there was no way that would happen. She did say that the owner sometimes would offer small rent reductions to a tenant to help with necessary tenant improvements or deferred maintenance. She also said that the HVAC would be certified as in good working order, and the plumbing would be evaluated by a professional. She also said the owner did not provide a vent hood. To the extent that the allegations of this paragraph differ from what this Defendant has admitted, she

denies said allegations.

19. With respect to the allegations of paragraph 17, this Defendant has no recollection of this statement.

19. This Defendant has insufficient information to admit or deny the allegations of paragraph 19, and demands strict proof.

20. With respect to the allegations of paragraph 20, this Defendant admits that Barr offered $1 million to purchase Lecroy and that his offer was rejected by the owner with no counter offer made. The remaining allegations of this paragraph are denied.

21. With respect to the allegations of paragraph 21, this Defendant admits that in June 2007 Barr asked to see the space again.  The remaining allegations of this paragraph are denied.

22. With respect to the allegations of paragraph 22, this Defendant admits that she told Barr that due to the Bankruptcy she did not have the keys to the space.  To the extent that the allegations of this paragraph differ from what this Defendant has admitted, she denies said allegations.

23. With respect to the allegations of paragraph 23, this Defendant admits that she told Barr, as she previously had told him, that a lease was being negotiated with an existing tenant at Lecroy and that that tenant had priority.  Although Knudsen has no memory of discussing the drawing up of a back up lease with Barr, she has never in her memory prepared a back up lease for any space and would not have agreed to do so for Barr.  To the extent that the allegations of this paragraph differ from what this Defendant has admitted, she denies said allegations.

24. With respect to the allegations of paragraph 24, this Defendant admits receiving a call from Mark Cranage wanting to see Pure Country. She also admits that she had once been in

the Woodmere Tavern and that her daughter once took line dancing classes in a facility in which Cranage said he had had a part ownership interest. The remaining allegations of this paragraph are denied.

25. With respect to the allegations of paragraph 25, this Defendant asserts that she told Cranage that an existing tenant at Lecroy was in the last stages of lease negotiations for the space. Cranage informed her that one of the owners of the existing tenant had a criminal record. Because Defendant had no prior knowledge of this, she told Cranage he could contact the lawyer handling the Bankruptcy for Lecroy's owner and make arrangements with him to see the space. The remaining allegations of this paragraph are denied.

26. With respect to the allegations of paragraph 26, this Defendant admits that Little represents Ms. Forney on certain legal matters. She denies that she requested Cranage to see the property. She has insufficient information to admit or deny the remaining allegations of this paragraph and demands strict proof.

27. This Defendant has insufficient information to admit or deny the allegations of paragraph 27, and demands strict proof.

28. The allegations of paragraph 28 are denied.

29. With respect to the allegations of paragraph 29, this Defendant admits that plaintiffs have not leased any property at Lecroy. The remaining allegations of this paragraph are denied.

30. With respect to the allegations of paragraph 30, this Defendant adopts by reference her responses to the prior allegations of the complaint.

31. With respect to the allegations of paragraph 31, this Defendant admits that she was acting as a leasing agent for Lecroy's owner. The remaining allegations of this paragraph are

denied.

32. This Defendant denies the allegations of paragraphs 32 - 34.

33. With respect to the allegations of paragraph 35, this Defendant adopts by reference her responses to the prior allegations of the complaint.

34. With respect to the allegations of paragraph 36, this Defendant admits that she was acting as a leasing agent for Lecroy's owner. The remaining allegations of this paragraph are denied.

35. This Defendant denies the allegations of paragraphs 37 - 39

## **AFFIRMATIVE DEFENSES**

1. The complaint alleges no cause of action against this Defendant upon which relief can be granted.

2. The Plaintiffs have no standing to assert the claims asserted in the Complaint against this Defendant.

3. This Defendant owed no duty to Plaintiffs.

4. This Defendant does not fall within the category of people against whom relief may be obtained in connection with the allegations made by Plaintiffs.

5. This Defendant pleads the Statute of Frauds.

6. Each claim is barred, in whole or in part, because of Plaintiffs' failure to mitigate damages.

7. Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to this Defendant under the Alabama Constitution and the United States Constitution. Any award of punitive damages to the Plaintiffs in this case would

be arbitrary, unreasonable, excessive and a violation of Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and the Alabama Constitution.

8. Any award of punitive damages in this case would be violative of Defendant's procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards. The standard for punitive damages in Alabama and based on federal claims lacks sufficiently objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

9. Post-trial procedures and standards in a trial court for scrutinizing punitive damages awards and standards for appellate review of punitive damages awards in Alabama and with respect to federal claims are insufficient, and therefore violate Defendant's right to due process of law.  Moreover, it would be violative of Defendant's rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages against  Defendant, which are penal in nature, by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages should be proved by a "clear and convincing" standard of proof, in view of insufficient substantive and procedural protections under Alabama law regarding punitive damages.

10. The Plaintiffs' Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the

Supreme Court of the United States in <u>BMW of North America. Inc. v. Gore,</u> 116 S. Ct. 1589 (May 20, 1996).

11. Defendant pleads insufficiency of process and/or insufficiency of service of process.

12. This Defendant pleads the general issue.

13. The face of the complaint shows that Plaintiffs are not due to recover against Defendant because the damages suffered by plaintiffs, if any, were not proximately caused by this Defendant.

14. The claims asserted by the Plaintiffs are barred by waiver, *res judicata*, collateral estoppel, estoppel, fraud, license, payment, assumption of risk and/or contributory negligence.

15. The claims of the Plaintiffs are barred by accord and satisfaction.

16. The claims of the Plaintiffs are barred by release.

17. Plaintiffs' claims are barred by the equitable doctrine of estoppel.

18. Plaintiffs have released and/or waived any and all claims.

19. The alleged injury to the Plaintiffs, if any, was caused by a cause other than the conduct of this Defendant.

20. Any injuries and damages alleged by the Plaintiffs were caused, if at all, by some person or third party other than this Defendant.

21. The Plaintiffs' injuries and damages, if any, alleged in the Complaint are the result of an independent, unforeseeable, superseding and/or intervening cause.

22. The Plaintiffs' alleged injuries and/or damages, if any, were not the result of any act or omission on the part of this Defendant but exist, if at all, by reason of facts and events over which this Defendant had and has no control and/or by Plaintiffs' own conduct.

24. Plaintiffs' claims against Defendant fail because Defendant has not breached any duty owed to Plaintiffs.

25. Plaintiffs' claims against Defendant fail because Plaintiffs have not suffered any damages.

26. Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

27. Should Defendant be held liable to the Plaintiffs, which liability is specifically denied, Defendant would be entitled to a set off for the total of all amounts paid to the Plaintiff from all collateral sources.

28. All material allegations contained in the Complaint not heretofore specifically admitted, denied, or explained are here and now denied.

29. This defendant denies that she discriminated against plaintiffs on the basis of race or that she has ever discriminated on the basis of race, or on the basis of racial affiliation.

30. Defendant denies that plaintiffs are entitled to any of the relief they seek.

31. Defendant denies that her employer has any discriminatory or unlawful policy or practice.

32. Defendant reserves the right to interpose further defenses to which she may be entitled as revealed by further proceedings or otherwise

WHEREFORE, premises considered, this Defendant prays that plaintiffs take nothing from their complaint, but rather that judgment be rendered in her favor in all respects and that she have her costs of court and attorney fees.  This Defendant prays for such other, further and different relief as to which she may be entitled in the premises.

Respectfully submitted this 23rd day of October, 2007.

            s/Robert D. Segall
            Robert D. Segall (SEG003)
            *Attorney for Defendant Amy Clark Knudsen*

*OF COUNSEL:*
COPELAND, FRANCO, SCREWS & GILL PA
444 South Perry Street
P.O. Box 347
Montgomery, AL 36101-0347
Phone: 334-834-1180
Facsimile: 334-834-3172
Email: segall@copelandfranco.com

## CERTIFICATE OF SERVICE

  I hereby certify that on October 23, 2007, I electronically filed the foregoing with t he Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Quinn, Esq.
Kevin W. Jent, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Email: mquinn@wcqp.com
Email: kjent@wcqp.com

N. Gunter Guy, Jr., Esq.
Ball, Ball, Mathews & Novak P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
Email: gguy@ball-ball.com

            s/Robert D. Segall
            Robert D. Segall