IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRANCE LONG and<br>BARRY BARR,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>ARONOV REALTY MANAGEMENT,<br>INC.,  AMY CLARK KNUDSEN, and<br>MEIYING FORNEY,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:07-CV-881-WKW<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT MEIYING FORNEY**

COMES NOW the defendant, Meiying Forney, by and through her undersigned counsel of record, and in answer to the plaintiffs' Complaint filed herein, would aver the following, separately and severally:

　　　1.　　This defendant recognizes that the plaintiffs have brought this action pursuant to the Civil Rights Act of 1866, 42 USC §1981 and 42 U.S.C. §1982.  However, this defendant denies there is any basis in law or fact for such causes of action against this defendant and further denies that the plaintiffs have standing to bring said claims and further avers the Court lacks subject matter jurisdiction over said claims.

　　　2.　　This defendant denies that the plaintiffs have sufficiently plead facts to establish subject matter jurisdiction for claims brought against this defendant.  Further, defendant denies that there appears to be any claim alleged in the plaintiffs' Complaint under Alabama law for the invocation of supplemental jurisdiction.

3. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of the plaintiffs' Complaint.

4. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 of the plaintiffs' Complaint.

5. On information and belief, this defendant admits the allegations contained in paragraph 5 of the plaintiffs' Complaint.

6. On information and belief, this defendant admits the identity and employment of the defendant Knudsen, however, this defendant is without sufficient information to admit or deny the remaining allegations of paragraph 6 of the plaintiffs' Complaint.

7. This defendant admits the allegations contained in paragraph 7 of the plaintiffs' Complaint.

8. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of the plaintiffs' Complaint and therefore denies said allegations and demands strict proof thereof.

9. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of the plaintiffs' Complaint and therefore denies said allegations and demands strict proof thereof.

10. This defendant denies the material allegations contained in paragraph 10 of the plaintiffs' Complaint and demands strict proof thereof.

11. This defendant denies the material allegations contained in paragraph 11 of the plaintiffs' Complaint and demands strict proof thereof.

12. This defendant admits that the Lecroy Shopping Village is owned by this defendant. However, this defendant denies the remaining material allegations contained in paragraph 12 of the plaintiffs' Complaint and demands strict proof thereof.

13. This defendant denies the material allegations contained in paragraph 13 of the plaintiffs' Complaint and demands strict proof thereof.

14. This defendant denies the material allegations contained in paragraph 14 of the plaintiffs' Complaint and demands strict proof thereof.

15. This defendant denies the material allegations contained in paragraph 15 of the plaintiffs' Complaint and demands strict proof thereof.

16. This defendant denies the material allegations contained in paragraph 16 of the plaintiffs' Complaint and demands strict proof thereof.

17. This defendant denies the material allegations contained in paragraph 17 of the plaintiffs' Complaint and demands strict proof thereof.

18. This defendant denies the material allegations contained in paragraph 18 of the plaintiffs' Complaint and demands strict proof thereof.

19. This defendant denies the material allegations contained in paragraph 19 of the plaintiffs' Complaint and demands strict proof thereof.

20. This defendant denies the material allegations contained in paragraph 20 of the plaintiffs' Complaint and demands strict proof thereof.

21. This defendant denies the material allegations contained in paragraph 21 of the plaintiffs' Complaint and demands strict proof thereof.

22. This defendant denies the material allegations contained in paragraph 22 of the plaintiffs' Complaint and demands strict proof thereof.

23. This defendant denies the material allegations contained in paragraph 23 of the plaintiffs' Complaint and demands strict proof thereof.

24. This defendant denies the material allegations contained in paragraph 24 of the plaintiffs' Complaint and demands strict proof thereof.

25. This defendant denies the material allegations contained in paragraph 25 of the plaintiffs' Complaint and demands strict proof thereof.

26. This defendant denies the material allegations contained in paragraph 26 of the plaintiffs' Complaint and demands strict proof thereof.

27. This defendant denies the material allegations contained in paragraph 27 of the plaintiffs' Complaint and demands strict proof thereof.

28. This defendant denies the material allegations contained in paragraph 28 of the plaintiffs' Complaint and demands strict proof thereof.

29. This defendant denies the material allegations contained in paragraph 29 of the plaintiffs' Complaint and demands strict proof thereof.

30. Paragraph 30 of the plaintiffs' Complaint requires no response by this defendant. To the extent that a response is required, this defendant denies each and every material allegation contained in paragraph 30 of the plaintiffs' Complaint and demands strict proof thereof.

31. This defendant denies the material allegations contained in paragraph 31 of the plaintiffs' Complaint and demands strict proof thereof.

32. This defendant denies the material allegations contained in paragraph 32 of the plaintiffs' Complaint and demands strict proof thereof.

33. This defendant denies the material allegations contained in paragraph 33 of the plaintiffs' Complaint and demands strict proof thereof.

34. This defendant denies the material allegations contained in paragraph 34 of the plaintiffs' Complaint and demands strict proof thereof.

35. Paragraph 35 of the plaintiffs' Complaint requires no response by this defendant. To the extent that a response is required, this defendant denies each and every material allegation contained in paragraph 35 of the plaintiffs' Complaint and demands strict proof thereof.

36. This defendant denies the material allegations contained in paragraph 36 of the plaintiffs' Complaint and demands strict proof thereof.

37. This defendant denies the material allegations contained in paragraph 37 of the plaintiffs' Complaint and demands strict proof thereof.

38. This defendant denies the material allegations contained in paragraph 38 of the plaintiffs' Complaint and demands strict proof thereof.

39. This defendant denies the material allegations contained in paragraph 39 of the plaintiffs' Complaint and demands strict proof thereof.

40. The remaining unnumbered allegations in the plaintiffs' Complaint contain the plaintiffs' prayer for relief to which a response is not required. To the extent a response is required, this defendant denies each and every material allegation contained in the plaintiffs' prayer for relief and denies that the plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

COMES NOW the defendant in the above-styled cause, separately and severally, by and through her undersigned counsel of record, and pursuant to Rule 8 of the *Federal Rules of Civil Procedure* states for her affirmative defenses to the plaintiffs' Complaint the following, separately and severally:

### FIRST AFFIRMATIVE DEFENSE

As defendant Forney's first affirmative defense, and without prejudice to her denials and other statements contained in her pleadings, this defendant alleges that the plaintiffs' Complaint and each purported cause of action asserted therein against this defendant fails to set forth facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs lack standing to bring their claims pursuant to 42 U.S.C. §1981.

### THIRD AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs lack standing to bring their claims pursuant to 42 U.S.C. §1982.

### FOURTH AFFIRMATIVE DEFENSE

This defendant avers that the Court lacks subject matter jurisdiction over the plaintiffs' claims.

### FIFTH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs lack standing because there is no case or controversy as required by Article III of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs lack standing to seek injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE

This defendant denies that her actions were intentional.

## EIGHTH AFFIRMATIVE DEFENSE

This defendant denies that the plaintiff Barr is a member of a protected class which would entitle him to bring this action or that he is an appropriate representative of a protected class to bring this action.

## NINTH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs have failed to mitigate their damages in this action.

## TENTH AFFIRMATIVE DEFENSE

This defendant avers that at all times material hereto she acted in good faith and according to the law and has legitimate non-discriminatory reasons for any alleged actions taken.

## ELEVENTH AFFIRMATIVE DEFENSE

This defendant avers that any conduct complained of by the plaintiffs against this defendant was non-discriminatory.

## TWELFTH AFFIRMATIVE DEFENSE

This defendant denies the existence of any contractual obligation or relationship between any plaintiff and this defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

This defendant avers a lack of causal connection or proximate cause between the alleged protected activity and any action by this defendant.

FOURTEENTH AFFIRMATIVE DEFNSE

This defendant avers that at all material times hereto her actions were based on legitimate non-discriminatory reasons.

FIFTEENTH AFFIRMATIVE DEFENSE

This defendant avers that at all material times hereto her actions were motivated by legitimate business purposes.

SIXTEENTH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs' claims are barred by waiver and/or estoppel.

SEVENTEENTH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs' alleged damages, if any, were directly and proximately caused by the plaintiffs' own conduct.

EIGHTEENTH AFFIRMATIVE DEFENSE

This defendant pleads the applicability of 42 U.S.C. §1981 and §1982 and any damage limitations contained therein.

NINTEENTH AFFIRMATIVE DEFENSE

This defendant avers that she owed no duty to any of the plaintiffs and that she has not breached any duty owed to the plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

This defendant avers that the plaintiffs' claims are barred by fraud and/or fraud in the inducement.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This defendant avers and pleads as a bar to plaintiffs' relief a superceding and intervening causation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This defendant denies that she acted with malice or reckless disregard to the plaintiffs' federally protected rights at any times material hereto.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest and are vague and arbitrary.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that punitive damage are penal in nature, yet the defendants are not given the same procedural safeguards accorded to criminal defendants under the Sixth Amendment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that punitive damages are penal in

nature, yet defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law, in that punitive damage awards are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest and are vague and arbitrary.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that punitive damages are penal in nature, yet the burden of proof on the plaintiffs are less than the "beyond a reasonable doubt" standard required in criminal cases.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6 that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest, and are vague and arbitrary.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6 that no person

shall be deprived of life, liberty or property except by due process of law, in that punitive damages are penal in nature, yet the burden of proof on the plaintiffs are less than "beyond a reasonable doubt" standard required in criminal cases.

### THIRTIETH AFFIRMATIVE DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under Constitution of the State of Alabama in that it violates Article I, Section 6, in that punitive damage awards are penal in nature, yet defendants are compelled to disclose documents and/or other evidence without constitutional safeguard against self-incrimination.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case would violate the constitutional safeguards provided to the defendants under the Constitution of the United States of America. Plaintiff is not entitled to recover and cannot establish any right to recover punitive damages under any federal law or standard.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This defendant adopts by reference the defenses, criteria, limitations and standards set forth by the Supreme Court of the United States in *BMW North America, Inc. v. Gore*, with regard to any award of punitive damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

This defendant reserves the right to amend her Answer to plaintiffs' Complaint to include additional defenses, including affirmative defenses, pending completion of discovery in this case and within the orders and guidelines of this Honorable Court.

        s/N. Gunter Guy, Jr.
        N. Gunter Guy, Jr.
        Attorney for Defendant,
        Meiying Forney
        Ball, Ball, Matthews & Novak, P.A.
        Post Office Box 2148
        Montgomery, AL  36102-2148
        Telephone:   (334) 387-7680
        Facsimile:   (334) 387-3222
        gguy@ball-ball.com

      THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

## CERTIFICATE OF SERVICE

     I hereby certify that on the 25th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system and have also served a copy of the following by e-filing or mailing the same by United States mail properly addressed and first class postage prepaid:

C. Michael Quinn
Kevin W. Jent
WIGGINS, CHILDS, QUINN
   & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

Robert D. Segall
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, AL  36101-0347

        s/ N. Gunter Guy, Jr.
        OF COUNSEL

13

13