IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRENCE LONG & BARRY BARR, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| V. ) | Civil Action No.: |
| ) | 2:07-CV-00881-WKW-WC |
| ARONOV REALTY MANAGEMENT, ) | |
| INC., ARONOV REALTY BROKERAGE, ) | |
| INC., AMY CLARK KNUDSEN, & ) | |
| MEIYING FORNEY, ) | |
| ) | |
|    Defendants. ) | |
| ) | |

**DEFENDANTS ARONOV REALTY MANAGEMENT, INC.'S,
ARONOV REALTY BROKERAGE, INC.'S, AND AMY CLARK KNUDSEN'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Come now Defendants Aronov Realty Management, Inc. (hereinafter "ARMI"), Aronov Realty Brokerage, Inc. (hereinafter "ARBI"), and Amy Clark Knudsen (hereinafter "Knudsen") (collectively "Defendants") and answer the Amended Complaint as follows:

**I. JURISDICTION**

    1.    In response to paragraph 1 of the Amended Complaint, Defendants admit that Plaintiffs seek redress under federal law, but it is denied to the extent that no cause of action has been alleged under Alabama law. Further, Defendants deny that they violated any federal statute or other law.

    2.    Paragraph 2 of the Amended Complaint is admitted to the extent that this Court has jurisdiction over the federal law claims. It is denied to the extent that it asserts that supplemental jurisdiction is necessary in this action.

## II. PARTIES

3. Paragraph 3 of the Amended Complaint is admitted.

4. Paragraph 4 of the Amended Complaint is admitted.

5. Paragraph 5 of the Amended Complaint is admitted.

6. Paragraph 6 of the Amended Complaint is admitted.

7. In response to paragraph 7 of the Amended Complaint, Defendants admit that Knudsen is a real estate agent based in Montgomery, Alabama, that she does business in this judicial district and division, that she has placed tenants in property owned by Defendant Forney, and that she leased the property which is the subject of this lawsuit in the line and scope of her employment with ARBI. The remaining allegations of paragraph 7 are denied.

8. Paragraph 8 of the Amended Complaint is admitted.

## III. FACTUAL ALLEGATIONS

9. Paragraph 9 of the Amended Complaint is admitted.

10. Paragraph 10 of the Amended Complaint is admitted to the extent that Plaintiffs allege Barr is a Caucasian male. The remaining allegations in paragraph 10 are denied.

11. As phrased, Defendants deny the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendants admit that Knudsen met with Plaintiff Barr at the LeCroy Shopping Village, that she showed Barr the Pure Country space, and that Defendant Forney owns the LeCroy Shopping Village. The remaining allegations set forth in paragraph 13 of the Amended Complaint are denied.

14. In response to paragraph 14 of the Amended Complaint, Defendants admit that Knudsen was concerned about the tenants at LeCroy, that Barr told Knudsen that he was planning on opening a sports bar, and that Barr informed Knudsen that he was also looking at other space. To the extent that paragraph 14 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

15. In response to paragraph 15 of the Amended Complaint, Defendants admit that Knudsen discussed the current tenants at LeCroy and a desire to avoid the problems that existed at Celebrations. To the extent that paragraph 15 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

16. In response to paragraph 16 of the Amended Complaint, Defendants admit that Knudsen stated that she was concerned with the publicized problems at Celebrations nightclub. To the extent that paragraph 16 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

17. As phrased, Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint and demand strict proof thereof.

18. In response to paragraph 18 of the Amended Complaint, Defendants admit that Knudsen informed Plaintiff Barr that Defendant Forney would not be willing to perform extensive renovations. To the extent that paragraph 18 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

19. Paragraph 19 of the Amended Complaint is admitted.

20. Defendants are without specific knowledge or information to admit or deny paragraph 20 of the Amended Complaint, and, as a result, deny the same and demand strict proof thereof.

21. In response to paragraph 21 of the Amended Complaint, Defendants admit that Plaintiff Barr made an offer to purchase the LeCroy Shopping Center and that Defendant Forney turned down the offer without making a counteroffer. To the extent that paragraph 21 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

22. In response to paragraph 22 of the Amended Complaint, Defendants admit that Barr contacted Knudsen in the first full week of June, 2007. To the extent that paragraph 22 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

23. In response to paragraph 23 of the Amended Complaint, Defendants admit that Knudsen had difficulty showing the property because of the pending bankruptcy. To the extent that paragraph 23 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

24. In response to paragraph 24 of the Amended Complaint, Defendants admit that Knudsen was negotiating a lease for the subject property with an existing tenant. To the extent that paragraph 24 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

25. In response to paragraph 25 of the Amended Complaint, Defendants admit that Mark Cranage ("Cranage") contacted Knudsen about seeing the subject property and that Knudsen informed Cranage that she was familiar with the format at Woodmere Taverns. To the extent that paragraph 25 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

26. In response to paragraph 26 of the Amended Complaint, Defendants admit that Knudsen told Cranage to contact the bankruptcy lawyer in order to see the property. To the

extent that paragraph 26 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

27. In response to paragraph 27 of the Amended Complaint, Defendants admit that Don Little ("Little") showed Cranage the property on June 13, 2007. As phrased, Defendants deny the remaining allegations set forth in paragraph 27 and demand strict proof thereof.

28. As phrased, Defendants deny the allegations set forth in paragraph 28 of the Amended Complaint.

29. In response to paragraph 29 of the Amended Complaint, Defendants admit that Knudsen and Plaintiff Barr spoke on the phone the day after Mr. Cranage toured the property. To the extent that paragraph 29 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

30. As phrased, Defendants deny the allegations set forth in paragraph 30 of Plaintiffs' Amended Complaint and demand strict proof thereof.

## IV. COUNT ONE – 42 U.S.C. § 1981

31. In response to paragraph 31 of the Amended Compliant, Defendants incorporate by reference every allegation, response, and defense set forth above in paragraphs 1 through 30.

32. In response to paragraph 32 of the Amended Complaint, Defendants admit that Knudsen was acting as an agent of ARBI. To the extent that paragraph 32 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

33. As phrased, Defendants deny the allegations set forth in paragraph 33 of Plaintiffs' Amended Complaint and demand strict proof thereof.

34. Paragraph 34 of the Amended Complaint is denied.

35. Paragraph 35 of the Amended Complaint is denied.

## COUNT TWO – SECTION 1982

36. In response to paragraph 36, Defendants incorporate by reference every allegation, response, and defense set forth above in paragraphs 1 through 35.

37. In response to paragraph 37 of the Amended Complaint, Defendants admit that Knudsen was acting as an agent of ARBI. To the extent that paragraph 37 makes further or other allegations, Defendants deny those allegations and demand strict proof thereof.

38. As phrased, Defendants deny the allegations set forth in paragraph 38 of the Plaintiffs' Amended Complaint and demand strict proof thereof.

39. Paragraph 39 of the Amended Complaint is denied.

40. Paragraph 40 of the Amended Complaint is denied.

## PRAYER FOR RELIEF

A. With respect to Plaintiffs' Prayer for Relief, and each subparagraph A-G, Defendants specifically deny that Plaintiffs are entitled to any relief whatsoever from these Defendants.

Without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiffs, Defendants assert the following additional defenses:

## ADDITIONAL DEFENSES

### First Defense

Defendants deny each and every material allegation in Plaintiffs' Amended Complaint to the extent not admitted above, and demand strict proof thereof.

### Second Defense

Defendants deny that they acted negligently, improperly, recklessly, wantonly, or otherwise wrongfully.

### Third Defense

Plaintiffs failed to state a claim upon which they may recover.

### Fourth Defense

Plaintiffs have no standing to assert the claims set forth in the Amended Complaint against these Defendants.

### Fifth Defense

These Defendants did not owe or breach any duties to Plaintiffs.

### Sixth Defense

The Defendants do not fall within the category of people against whom relief may be obtained in connection with the allegations made by the Plaintiffs.

### Seventh Defense

Plaintiffs' claims against Defendants may be barred, in whole or in part, by the statute of frauds.

### Eighth Defense

Defendants plead the general issue.

### Ninth Defense

Defendants deny that injunctive relief is an appropriate remedy in this action.

### Tenth Defense

Defendants deny that declaratory relief is an appropriate remedy in this action.

### Eleventh Defense

Defendants aver that Plaintiffs failed to mitigate their damages.

### Twelfth Defense

Plaintiffs' claims are barred or limited by the doctrine of after-acquired evidence.

**Thirteenth Defense**

Defendants did not intentionally or knowingly deprive Plaintiffs of any established Constitutional or statutory rights.

**Fourteenth Defense**

All decisions Plaintiffs challenge in this lawsuit were legitimate business judgments, made on the basis of information available to the decision makers and made for legitimate, non-discriminatory reasons.

**Fifteenth Defense**

Plaintiffs' claims for equitable relief may not be tried before or decided by a jury.

**Sixteenth Defense**

Plaintiffs are not entitled to an award of punitive damages as they cannot prove facts sufficient to support an award under applicable law.

**Seventeenth Defense**

The imposition of punitive damages against Defendants for the conduct alleged in the Amended Complaint is prohibited or limited by statutory and/or decisional law.

**Eighteenth Defense**

To the extent Plaintiffs seek to recover from Defendants for any act or omission of its employees or agents or for the acts or omissions of Defendant Forney's employees or agents, Defendants are not liable because the alleged conduct was not (1) committed in the line and scope of that employee's employment, (2) committed in furtherance of Defendants' business, or (3) authorized or ratified by Defendants.

**Nineteenth Defense**

The Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

### Twentieth Defense

These Defendants deny discriminating against Plaintiffs in any manner whatsoever; however, to the extent the fact finder determines that Defendants' actions were motivated by disability discrimination, these Defendants state that they would have made the same decisions absent any discriminatory motive.

### Twenty-first Defense

Plaintiffs' claims are barred by one or more of the doctrines of laches, waiver, release, accord and satisfaction, unclean hands, and equitable or judicial estoppel.

### Twenty-second Defense

Any alleged injuries suffered by Plaintiffs were not proximately caused by these Defendants.

### Twenty-third Defense

Any alleged injuries suffered by Plaintiffs were caused by another's conduct for which these Defendants are not liable.

### Twenty-fourth Defense

The Plaintiffs' alleged injuries, if any, were the result of independent, unforeseeable, superseding, and/or intervening causes.

### Twenty-fifth Defense

Should any of these Defendants be held liable to Plaintiffs, which liability is specifically denied, then Defendants would be entitled to set-off for the total of all amounts paid to Plaintiffs from collateral sources.

**Twenty-sixth Defense**

Defendants deny that they discriminated against Plaintiffs on the basis of race or that they have any racially discriminatory policy or practice.

**Twenty-seventh Defense**

To the extent, if any, Plaintiffs make a claim for punitive damages, that claim is barred on the following grounds:

(a) Plaintiffs are not entitled to punitive damages pursuant to the facts as alleged in Plaintiff's Amended Complaint.

(b) The claim of Plaintiffs for punitive damages against Defendants is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

(c) The invitation for a court or jury to impose liability on Defendants for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an awards would deny Defendants due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

(d) Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(i) The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less

than the applicable standard of proof required for the imposition of criminal sanctions.

    (ii)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (iii)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants.

    (iv)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

    (v)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

    (vi)      The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

    (vii)      The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

    (viii)      The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

    (ix)      An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

### Twenty-eighth Defense

The imposition of punitive damages against Defendants for the conduct alleged in the Complaint is prohibited or limited by statutory and/or decisional law.

### Twenty-ninth Defense

Imposition of punitive damages in this case against Defendants would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### Thirtieth Defense

Plaintiffs' Amended Complaint seeks to make the Defendants liable for punitive damages. Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

### Thirty-first Defense

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decisions of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Thirty-second Defense

At the time of the filing of this answer, discovery has not been completed. Defendants reserve the right to amend this Answer to the Amended Complaint based on information learned in discovery, in keeping with applicable law and orders of the Court.

WHEREFORE, Defendants Aronov Realty Management, Inc., Aronov Realty Brokerage, Inc., and Amy Clark Knudsen demand that this Court enter judgment in favor of these Defendants against Plaintiffs, including an award of attorneys' fees and costs, and provide all such further and additional relief as this Court may deem just and proper.

Respectfully submitted this the 23rd day of July, 2008,

>s/ Charles A. Stewart III
> Charles A. Stewart III (STE067)
> Quindal C. Evans (EVA040)
> Bradley Arant Rose & White LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery, AL 36104
> Telephone: (334) 956-7700
> Facsimile: (334) 956-7701

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2008, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> C. Michael Quinn
> Kevin W. Jent
> Wiggins, Childs, Quinn & Pantazis, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, AL 35203
>
> N. Gunter Guy
> Ball, Ball, Matthews & Novak, P.A.
> P.O. Box 2148
> Montgomery, AL 36102-2148

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a.

> s/ Charles A. Stewart III
> Of Counsel